**Electronically Filed
Intermediate Court of Appeals
CAAP-23-0000367
28-FEB-2024
07:40 AM
Dkt. 50 SO**

NO. CAAP-23-0000367

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee,
v.
MARK ANTHONY SEINA, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CRIMINAL NO. 1CPC-21-0000330)

SUMMARY DISPOSITION ORDER
(By: Leonard, Acting Chief Judge, Hiraoka and Wadsworth, JJ.)

Defendant-Appellant Mark Anthony Seina (**Seina**) appeals from the May 4, 2023 Judgment of Conviction and Sentence; Notice of Entry (**Judgment**) entered by the Circuit Court of the First Circuit (**Circuit Court**).[1]

Plaintiff-Appellee State of Hawaiʻi (**State**) charged Seina with two counts: (1) Place to Keep Pistol or Revolver, in violation of Hawaii Revised Statutes (**HRS**) § 134-25 (2011); and (2) Ownership or Possession Prohibited of any Firearm or Ammunition by a Person Convicted of Certain Crimes, in violation of HRS §§ 134-7(b) and (h) (2011). After a jury-waived trial, Seina was found guilty on both counts. On the issue of merger,

---

[1]     The Honorable Shirley M. Kawamura presided.

the State elected to proceed on Count 2. Seina was sentenced to a ten-year term of imprisonment, to run concurrently with any other sentence, and with credit for time served.

Seina raises a single point of error on appeal, contending that the Circuit Court erred in denying his June 6, 2022 Motion to Suppress Evidence and Statements (**Motion to Suppress**), and his renewed oral motion at trial.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we address Seina's point of error as follows:

Seina argues that Honolulu Police Department (**HPD**) officers lacked probable cause to arrest him for Unauthorized Control of Propelled Vehicle (**UCPV**), in violation of HRS § 708-836 (2014), because Seina was the registered owner of the subject motorcycle.[2]

The Hawaiʻi Supreme Court has held:

> Probable cause exists when the facts and circumstances within one's knowledge and of which one has reasonably trustworthy information are sufficient in themselves to warrant a person of reasonable caution to believe that an offense has been committed. *This requires more than a mere suspicion but less than a certainty*. This standard has two components. The first sentence describes the standard for

---

[2] HRS § 708-836 provides in pertinent part:

> **§ 708-836 Unauthorized control of propelled vehicle.**
> (1) A person commits the offense of unauthorized control of a propelled vehicle if the person intentionally or knowingly exerts unauthorized control over another's propelled vehicle by operating propelled vehicle without the owner's consent or by changing the identity of the propelled vehicle without the owner's consent.
> . . . . .
> (5) Unauthorized control of a propelled vehicle is a class C felony.

> determining the presence of probable cause. The second sentence describes the quantum of proof necessary to satisfy the standard.

State v. Maganis, 109 Hawaiʻi 84, 86, 123 P.3d 679, 681 (2005) (internal citations omitted); see also HRS § 803-5 (1993).[3]

Probable cause "requires more than a mere suspicion but less than a certainty." Maganis, 109 Hawaiʻi at 86, 123 P.3d at 681 (citations omitted). It is a practical concept that balances a citizen's rights with the needs of law enforcement. Id. at 87-88, 123 P.3d at 682-83. The standard for probable cause allows for officers to make some mistakes in determining they have probable cause to arrest a citizen, but "the mistakes must be those of reasonable [persons], acting on facts leading sensibly to their conclusions of probability." Id.

Here, after noticing the motorcycle driven by Seina had an expired safety check decal, HPD Corporal Gerald Agbulos (**Corporal Agbulos**) ran the license plate and learned that it was reported as a stolen vehicle. After placing Seina in investigative detention, Corporal Agbulos then checked the VIN number of the motorcycle and confirmed that it matched the stolen motorcycle. Corporal Agbulos read the written police report on

---

[3]     HRS § 803-5 provides:

> **§ 803-5  By police officer without warrant.** (a) A officer or other officer of justice, may, without warrant, arrest and detain for examination any person when the officer has probable cause to believe that such person has committed any offense, whether in the officer's presence or otherwise.
>       (b)  For purposes of this section, a police officer has probable cause to make an arrest when the facts and circumstances within the officer's knowledge and of which the officer has reasonably trustworthy information are sufficient in themselves to warrant a person of reasonable caution in the belief that a crime has been or is being committed.

his laptop, wherein another HPD officer reported that complainant Jonathan Cortez (**Cortez**) reported the theft of a motorcycle from the parking structure where Cortez lived, shortly after Cortez purchased it.  HPD Officer Aubry Kaluhiokalani (**Officer Kaluhiokalani**), who made the police report, testified that he took Cortez's report.  Cortez told the officer that he just bought the motorcycle from Seina, Seina had driven the motorcycle to the parking structure, and the motorcycle was stolen later the same day.  Officer Kaluhiokalani also spoke to a security guard who told him that after Cortez reported the theft to security, the guard reviewed the surveillance video, saw a car drive into the structure, and saw a man get out of the car, approach the motorcycle and take off with it.  A female in the car drove off behind the motorcycle.

When asked by the court why he arrested Seina knowing that Seina was the registered owner of the motorcycle, Corporal Agbulos testified that he understood from the report that Seina sold or transferred the motorcycle to another person and then took it back without that person's permission.  Based on this information, Seina was placed under arrest and patted down.

Seina contends that the stolen vehicle report filed by Cortez did not provide probable cause for Seina's arrest for UCPV because the police should not have accepted Cortez's representations and handwritten bill of sale as proof of ownership because the requirements for legal transfer of title had not been met.

We conclude that the police report available to Corporal Agbulos on his HPD laptop – stating that a motorcycle was stolen of the same description as the vehicle driven by Seina including color, license plate number, and VIN – was reasonably trustworthy information sufficient to warrant a person of reasonable caution to believe that an offense involving that motorcycle had been committed. In addition, the police report noted that Seina had been identified as a suspect. The facts and circumstances within Corporal Agbulos's personal knowledge included that Seina was operating that motorcycle. Viewing as a whole all of the facts and circumstances available to Corporal Agbulos, we conclude that probable cause to arrest Seina for UCPV existed.

As we have concluded that there was probable cause to arrest Seina, we conclude that Seina's argument that his post-arrest statements were fruit of the poisonous tree is without merit.

For these reasons, the Circuit Court's May 4, 2023 Judgment is affirmed.

DATED: Honolulu, Hawaiʻi, February 28, 2024.

On the briefs:

Randall K. Hironaka,
(Miyoshi & Hironaka, LLLC),
for Defendant-Appellant.

Robert T. Nakatsuji,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

/s/ Katherine G. Leonard
Acting Chief Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Clyde J. Wadsworth
Associate Judge